The offenses of wounding and maiming, enumerated in the act of 1754 (Rev., ch. 56), were, "unlawful cutting out the tongue, putting out an eye, slitting the nose, biting or cutting off a nose or lip, *Page 277 
or disabling any limb or member; to maim and disfigure," and any person who committed on purpose either of those offenses was declared to be a felon.
By the act of 1791 (Rev., ch. 339), under which the defendant is indicted, it is declared that "if any person shall of malice aforethought unlawfully cut out or disable the tongue, or put out an (430) eye, with intent to murder, maim or disfigure, the person so offending shall for the first offense stand in the pillory, and for the second offense be declared guilty of a felony without benefit of clergy." The second section of the same act declares that "if any person shall on purpose unlawfully cut or slit the nose, bite or cut off a nose or lip, or cut off an ear, or disable any limb or member with intent to murder, maim, or disfigure, shall be imprisoned six months and fined at the discretion of the Court."
If I might be permitted to risk a conjecture as to the reason that induced the Legislature to repeal the Act of 1754, it would be this: That that act placed all the offenses therein enumerated on the same footing. It punished the perpetrators of any of them, provided they committed the act on purpose; that is, as I understand the import of the term, wittingly, knowingly, intentionally, designedly at the moment of doing it, but not with malice aforethought. And I think this conjecture will appear to be the better founded when the enactments of 1791 are examined. That act declares that some of the offenses must be committed with malice aforethought, such as cutting out or disabling the tongue. That others enumerated in the second clause may be committed, if done on purpose, but without malice aforethought, such as biting off an ear, as is charged upon the defendant in the present indictment. I am consequently of opinion that judgment should be rendered for the State.
PER CURIAM. No Error.
Cited; S. v. Girkin, 23 N.C. 122.
(431)